[No. G002220. Fourth Dist., Div. Three. Dec. 19, 1985.]

In re ARTHUR C. et al., Minors.
ORANGE COUNTY DEPARTMENT OF SOCIAL SERVICES,
Petitioner and Respondent, v.
ARTHUR H., Objector and Appellant.

**COUNSEL**

Peter C. Carton, under appointment by the Court of Appeal, for Objector and Appellant.

Adrian Kuyper, County Counsel, and Thomas F. Morse, Deputy County Counsel, for Petitioner and Respondent.

OPINION

**SONENSHINE, J.**—The father of three minor children appeals the granting of the Orange County Department of Social Service's petition to terminate his parental rights.[1] We affirm.

The father and mother lived together approximately four and a half years. These three children resulted, but the union was not a happy one. In April of 1982 the children were declared dependent children of the Orange County Juvenile Court under section 300, subdivisions (b) and (d) of the Welfare and Institutions Code. They were taken from the parents and began to reside in foster homes. The following month the father was arrested for stabbing the mother 17 times in the neck, chest, abdomen, back and extremities. He was convicted of assault with a deadly weapon and is currently serving a seven-year prison term.

The underlying petitions were filed and granted in 1984. The trial court found "stabbing the mother of the children . . . 17 times certainly indicates a nature . . . that the man has either a substantial drug and/or drinking problem, or a nature of temper outbursts or such which are dangerous, could be deleterious to the children." The court also commented on the father's past criminal conduct and apparent drug and/or alcohol problems.[2] The court found "by clear and convincing evidence, pursuant to 232 (a) (4) [*sic*] of the Civil Code . . . that [in] the best interests of the children, pursuant to 4600 of the Civil Code,[3] it would be detrimental to return the three minors to the custody of the father.

---

[1]The court also granted the petition to terminate the parental relationship of the natural mother. She does not appeal.

[2]On October 26, 1974, father was arrested for misdemeanor drunk driving and pled guilty, receiving a sentence of 24 months probation and a $200 fine. He violated probation and on March 11, 1975, was sentenced to 15 days in the county jail.

Father pled guilty to a charge of grand theft on August 24, 1976, for which he received three years formal probation and ninety days in the county jail. He was arrested for assault with a deadly weapon and battery on November 24, 1976. He pled guilty to the battery offense and was sentenced to 18 months probation and 18 days in the county jail.

On May 12, 1978, he was arrested for drunk driving and on May 15, 1978, was convicted of reckless driving for which he was sentenced to 12 months probation, 4 days in the county jail and a $130 fine. He was again convicted on June 20, 1978, of giving false information to a peace officer and sentenced to 12 months probation and 5 days in the county jail. On October 31, 1978, he pled guilty to theft, receiving a sentence of 24 months probation and 15 days in the county jail.

On August 4, 1981, father was convicted of assault and battery on a person, for which he was fined and received 36 months probation. He was convicted of disturbing the peace on April 19, 1982, and sentenced to six days in the county jail. Finally, on July 2, 1982, he was convicted of probation violations for assault and battery and willful cruelty to a child for which he received a six-month jail sentence.

[3]All statutory references are to the Civil Code unless otherwise specified.

" . . . . . . . . . . . . . . . . . . . . . .

"The children [will] be free for adoption, and the court will therefore declare the minors free from parental custody and control of the father and refer the matters to social agency for adoptive placement."

■ Father alleges there was no substantial evidence to support a subdivision (a)(4) finding. He argues "the cases all seem to imply that an (a)(4) finding requires that the children be present or in current danger when the felony occurs." However, neither the statute nor the cases interpreting it mandate such a conclusion.

The statute allows termination of parental rights if the "parent or parents are convicted of a felony, if the facts of the crime of which the parent or parents were convicted are of a nature so as to prove the unfitness of the parent or parents to have the future custody and control of the child." There is no requirement, nor should there be, that the children be present when the felony occurs or that they be in *current danger*. The purpose of the statute is to *prevent* future harm. The court considers the circumstances of the felony to determine whether it is likely that *future harm* may result to the child if the parental rights are not terminated.

In *Adoption of D.S.C.* (1979) 93 Cal.App.3d 14 [155 Cal.Rptr. 406], the court affirmed a judgment declaring a minor child free from the custody and control of his natural father pursuant to Civil Code section 232, subdivision (a)(4). The father contended the evidence did not support the court's ruling. "Defendant's crime consisted of an armed burglary with his 17-year-old wife as an accomplice. This crime was but one of a series of burglaries in which the couple engaged in order to better their standard of living. During the crime, defendant carried a gun in violation of parole, which he acknowledged he had bought on a trip to Mexico in further violation of parole. From these facts, the trial judge could reasonably have inferred that defendant had a propensity to violent crime, that he did not hesitate to involve family members of a tender age in crime, that he would turn to crime in the future should he find difficulty in making a living, and that he might violate parole and thus place himself in jeopardy of being taken from his family and returned to prison. The evidence and the reasonable inferences to be drawn therefrom were sufficient for the judge to determine that defendant was unfit to have the future custody and control of [the minor] and that placing [the minor] in defendant's custody would be detrimental to the child. The trial court did not exceed the bounds of the discretion with which it is vested in making this determination, since there was a reasonable, considered basis for the decision." (*Id.*, at p. 25.) The court also held "that past criminal activities may be considered in deciding whether a natural

parent has rendered himself an unfit parent for the future by commission of a felony." (*Id.*, at p. 26.) Here the father's past criminal acts are numerous and were relevant when considering the felony conviction.

*Adoption of D.S.C.* is also compelling because the minor was not directly exposed to the crime. The circumstances of the crime were sufficient to render the father unfit.

*In re Geoffrey G.* (1979) 98 Cal.App.3d 412 [159 Cal.Rptr. 460] supports our construction of section 232, subdivision (a)(4). The father was serving a prison sentence for killing the minor's mother. The court affirmed the judgment noting the "violent nature of the felony, coupled with the use of alcohol *as an indication of unfitness*. The trial judge specifically found that instead of just being a felony, the crime here was a felony under Civil Code section 232, subdivision (a)(4)." (*Id.*, at p. 421.)

The commission of the felony need not include the participation of the children, nor does it have to be completed in their presence. The circumstances need only be those which, in the trial court's discretion, prove the unfitness of the parent.

█ The trial judge acknowledged "the murder of one parent by the other is not necessarily a felony showing the felonious parent to be unfit to have custody and control." However, the court found it was "a serious crime and certainly exhibited a violent nature." He considered the father's "overall criminal history," and the father's drug and drinking problems. "On the record before us, we conclude that there was substantial evidence that appellant was convicted of a felony as described in Civil Code section 232, subdivision (a)(4). The inferences which the court could properly draw from the evidence were sufficient to establish a reasonable relationship between appellant's crime and the likelihood his continuing to parent would be detrimental to the children.

"Furthermore, while parenting is a fundamental right [citation], the decision to free a child from custody and control of the parent rests with the sound discretion of the trial court. [Citation.] █ '. . . [W]here a trial court has discretionary power to decide an issue, a reviewing court will not disturb that decision unless the trial court has exceeded the limits of legal discretion by making an arbitrary, capricious, or patently absurd determination [citations].' (*Adoption of D.S.C., supra,* 93 Cal.App.3d 14, 24-25.) There was no abuse of discretion on that issue in this case." (*In re Geoffrey G., supra,* 98 Cal.App.3d 412, 421-422.)

The judgment is affirmed.

Trotter, P. J., and Crosby, J., concurred.

Appellant's petition for review by the Supreme Court was denied February 26, 1986.